## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

AMY GUSLER                                      :
303 Hollis Avenue, Apt B                         :
Crum Lynne, PA 19022                             :
                                                 :
          Plaintiff,   :
                                                 :   Civil Action No.: _____
    v.                               :
                                                 :   **JURY TRIAL DEMANDED**
APPLE VACATIONS, LLC                             :
7 Campus Blvd, Suite 100                         :
Newtown Square, PA 19073                         :
                                                 :
          Defendant.   :

------------------------------------------------------------------

## COMPLAINT

Plaintiff, Amy Gusler ("Plaintiff"), hereby brings this action against Defendant Apple Vacations, LLC ("Defendant"), and alleges, upon personal knowledge as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action contending Defendant violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and ultimately terminated her from employment in retaliation for her attempts to exercise those rights in violation of the same. As a result, Plaintiff has suffered damages as set forth herein.

2.     Additionally, Plaintiff brings this Complaint contending that Defendant failed to pay compensation and overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

## PARTIES

3.     Plaintiff Amy Gusler is a citizen of the United States and Commonwealth of Pennsylvania, and currently resides at 303 Hollis Avenue, Apartment B, Crum Lynne, PA 19022.

4.     Upon information and belief, Defendant Apple Vacations, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate headquarters located within the Commonwealth of Pennsylvania at 7 Campus Boulevard, Suite 100, Newtown Square, PA 19073.

5.     Defendant is a "private employer" and covered by the FLSA.

6.     Upon information and belief, Defendant is a covered employed under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000.00, and has multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

7.     Plaintiff was an employee who engaged in commerce and was employed by Defendant during all times relevant hereto and, as such, was an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

8.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

9.     On or about May 23, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the

requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-04205. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

10.     By correspondence dated May 7, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

11.     Plaintiff filed the instant action within the statutory time frame applicable to her claims.

12.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

13.     This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

14.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

15.     This Court also has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

16.     This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

17.     Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant is headquartered within the Commonwealth of Pennsylvania in Newtown Square, Pennsylvania, and conducts business throughout the Commonwealth of Pennsylvania.

18.     The Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and a substantial part of the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

**Facts Related to Plaintiff's ADA/PHRA/FMLA Claims**

19.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     On or about September 22, 2014, Defendant hired Plaintiff in the position of Call Center employee.  She was later promoted to Group Operations and then Senior Sales Consultant.

21.     During her tenure, Plaintiff performed her job well, receiving positive performance reviews, occasional praise, and no significant discipline.

22.     In or around 2017, Plaintiff became pregnant.

23.     On or about March 23, 2018, Plaintiff went into pre-term labor and lost the child.

24.     As a result of losing her child, Plaintiff suffered depression, anxiety, and post-traumatic stress disorder ("PTSD").  Additionally, Plaintiff's conditions were exacerbated due to domestic abuse at home.

25.     Plaintiff's depression, anxiety, and PTSD resulted in panic attacks, difficulty concentrating, feelings of hopelessness and helplessness, and difficulty interacting with others, among other symptoms.

26.     Plaintiff's depression, anxiety and PTSD constitute disabilities within the meaning of the ADA/PHRA in that they substantially impair her major life activities, including, but not limited to, eating, sleeping, mood stabilization, concentrating, communicating, and general self-care.

27.     As a result of the foregoing, Plaintiff necessitated a medical leave of absence under the Family and Medical Leave Act ("FMLA").

28.     Plaintiff's medical leave of absence began on or about March 23, 2018, and she was initially scheduled to return in or around June 2018.

29.     Shortly after beginning her medical leave of absence, Plaintiff was pressured to return to work on or about May 4, 2018.

30.     In or around early June 2018, in connection with her disabilities, Plaintiff made a request for a reasonable accommodation in the form of working remotely from home.

31.     Plaintiff's supervisor granted the request for a few weeks.  During that time, Plaintiff successfully worked remotely from home, and doing so allowed her to better manage her anxiety and depression.

32.     Plaintiff returned to the office in or around late June 2018.

33.     Upon her return to the office, Plaintiff's coworkers made disparaging comments with respect to losing her child and her disabilities.  For example, in or around late September 2018, Plaintiff's coworker, Tanya McKeith ("Ms. McKeith"), stated, "Maybe it was a good thing [Plaintiff] lost the baby."

34.     As a result of these comments and her disabilities, Plaintiff suffered a severe panic attack and again requested a medical leave of absence under the FMLA in late September 2018.  Plaintiff also notified Rebecca Luksa ("Ms. Luksa") in Human Resources of her coworkers' disparaging comments.

35.     Plaintiff's second medical leave began on or about October 1, 2018 and ended on or about December 10, 2018.

36.     During her leave, Plaintiff requested that she be allowed to work remotely again or be transferred to another building upon her return due to her disabilities and the potential for triggering them at work as before.

37.     While she was based in Pennsylvania, most of her team was in Chicago and Plaintiff mainly worked with them via email and Skype whether or not she was in the office.  In addition, other employees in Plaintiff's division were allowed to work entirely remote.

38.     Plaintiff's requests were denied.

39.     In or around February 2019, Plaintiff suffered another panic attack and her disabilities worsened.  On or about February 20, 2019, Plaintiff called supervisor Becky Patton ("Ms. Patton"), and informed her of the foregoing.

40.     On or about February 21, 2019, Plaintiff's condition resulted in her attempting suicide.  Plaintiff required a brief medical leave of absence in connection thereto.

41.     Upon her return, on or about March 4, 2019, Plaintiff's disabilities were triggered and worsened again due to the hostile work environment created by her coworkers.  Plaintiff's coworkers made comments regarding Plaintiff's mental health, loss of her child, domestic abuse, suicide attempt, and need for accommodations.  For example, Plaintiff heard coworkers state "[Plaintiff] must be really desperate now", "most likely she deserved it", and "she's just seeking

attention." Among the coworkers making said comments or reacting to them with laughter were Ms. Patton and Ms. McKeith. As a result of the foregoing, Plaintiff suffered another panic attack.

42.     Also as a result of the foregoing, Plaintiff quickly contacted Ms. Luksa to inform her of the same and make another request to either work remotely or be transferred out of building, and, thus, the hostile working environment.

43.     Plaintiff's requests were denied.

44.     Shortly after Defendant denied Plaintiff's requested accommodations, on or about March 5, 2019, Defendant terminated Plaintiff's employment.

45.     Given the circumstances and timing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded Plaintiff as disabled, and in retaliation for her requests for an accommodation in connection thereto.

46.     At the time of her unlawful termination, Plaintiff was qualified for her position.

47.     Upon information and belief, at the time of her unlawful termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

48.     At the time of her unlawful termination, Plaintiff would have been entitled to leave under the FMLA for her disabilities.

49.     Defendant willfully violated the provisions of the FMLA by terminating Plaintiff's employment after Plaintiff disclosed her need for leave.

50.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages,

and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## Facts Related to Plaintiff's FLSA/PMWA Claims

51.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

52.     During her scheduled shifts, Plaintiff was to receive an unpaid meal period.  It was Defendant's policy and practice to automatically deduct thirty (30) minutes of pay from Plaintiff during each scheduled shift she worked for an unpaid meal period.  Plaintiff, however, did not receive an uninterrupted thirty (30) minute lunch period during every shift worked and routinely performed work during her lunch periods on a daily basis.

53.     In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff for work performed during her scheduled meal periods.  This policy and practice of Defendant is further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

54.     The payroll checks and stubs Plaintiff received from Defendant did not accurately state the actual hours of work she performed each pay period and did not state and/or reveal the work she performed during meal periods.

55.     In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff for all work performed and time spent performing compensable work during unpaid meal periods.

56.     Plaintiff regularly worked approximately forty-seven (47) hours per week and did not receive overtime compensation for the two (2) hours and thirty (30) minutes during which Plaintiff performed compensable work during her meal period.

57. Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

58. The above-referenced behavior evidences the willfulness of Defendant's violation of the FLSA and PMWA.

59. In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

60. At all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a work week.

61. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.*
**DISCRIMINATION AND RETALIATION**

62. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

63. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

64. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

65. Plaintiff's depression, anxiety and PTSD constitute disabilities within the meaning of the ADA in that they substantially impair her ability to engage in major life

9

activities, such as eating, sleeping, mood stabilization, concentrating, communicating, and general self-care.

66.     Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation, including, but not limited to, working remotely, transferring to a different building or location, or a medical leave of absence.

67.     By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and ultimately terminating Plaintiff's employment on the basis of her actual and/or perceived disabilities, past record of impairment, such disabilities Defendant regarded Plaintiff as having, and in retaliation for Plaintiff's requests for reasonable accommodations in connection thereto.

68.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct od Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.   Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.   Pre-judgment interest in an appropriate amount; and

E.   Such other and further relief as is just and equitable under the circumstances.

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**DISCRIMINATION AND RETALIATION**

69.   The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

70.   Plaintiff is a qualified individual with disabilities within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to her depression, anxiety and PTSD, which substantially limit Plaintiff's ability to perform major life activities such as eating, sleeping, mood stabilization, concentrating, communicating, and general self-care.

71.   Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

72.   It is believed and therefore averred that Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and ultimately terminating Plaintiff's employment on the basis of her actual and/or perceived disability, past record of impairment, and in retaliation for her requests for reasonable accommodations in connection thereto.

73. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

74. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages a set forth by federal law.

**COUNT III**
**THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601, *et seq.***
**INTERFERENCE AND RETALIATION**

75. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

76. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year.

77. Plaintiff was an eligible employee under the FMLA and entitled up to twelve (12) weeks of unpaid leave for her serious health condition.

78. Plaintiff provided adequate notice to Defendant of her need for medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

79. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her with the requisite FMLA paperwork.

80. Defendant willfully violated the FMLA by: (a) terminating Plaintiff in retaliation for requesting and seeking leave under the FMLA; and (b) interfering with Plaintiff's rights to protected leave under the FMLA.

81. The aforementioned actions of Defendant constitute interference and retaliation under the FMLA.

82. As a result of Defendant's actions, Plaintiff has suffered significant damages.

83. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.   Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00):

B.   Liquidated damages;

C.   Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D.   Pre-judgment interest in an appropriate amount; and

E.   Such other and further relief as is just and equitable under the circumstances.

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT IV**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

84.   The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

85.   Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

86.   Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

87.   According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per workweek.  Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per workweek in violation of the FLSA.

88.     Defendant failed to pay Plaintiff for all hours worked, including for work performed for Defendant during Plaintiff 's meal periods.

89.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff.

90.     As a result, Defendant failed to pay Plaintiff overtime compensation for all hours worked over (40) in a workweek at 1.5 times her regular rate of pay.

91.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

92.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

93.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.      For all additional general and equitable relief to which Plaintiff may be entitled.

**COUNT V**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

94.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

95.      The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. <u>See</u> 43 P.S. § 333.113.

96.      The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. <u>See</u> 43 P.S. § 333.113.

97.      By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

98.      As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof; and

B.     An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

### <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: <u>*/s/ Michael Murphy*</u>
     Michael Murphy, Esq.
     Morgan J. Zucker, Esq.
     Eight Penn Center, Suite 2000
     1628 John F. Kennedy Blvd.
     Philadelphia, PA 19103
     TEL: 267-273-1054
     FAX: 215-525-0210
     murphy@phillyemploymentlawyer.com
     mzucker@phillyemploymentlawyer.com
     *Attorney for Plaintiff*

Dated: August 4, 2020

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.